UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAMMA K. BRANDON,
      **Plaintiff,**

 -v-                 9:13-cv-00939

DR. GLEN SCHROYER, *et al.,*

      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. David E. Peebles, Chief United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his July 13, 2016 Report and Recommendation, Dkt. No. 136, Magistrate Judge Peebles recommends that defendant Schroyer's second motion for summary judgment (Dkt. No. 100) be granted, and that plaintiff's remaining retaliation claim asserted against defendant Schroyer be dismissed. Plaintiff filed objections to the recommendation. Dkt. No. 140.

**II. STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified

1

proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III. DISCUSSION

The Court has considered plaintiff's objections and completed a *de novo* review of the those portions of Magistrate Judge Peebles's Report and Recommendation to which specific objections are made.

Plaintiff challenges Magistrate Judge Peebles's conclusion that "none of the grievances that are included in the record were ever addressed specifically to or against

2

defendant Schroyer" and, therefore, the retaliation claim fails on the causation element. Rep. Rec. p. 15. On this issue, Magistrate Judge Peebles stated:

> Moreover, as I noted in my prior report and recommendation, aside from plaintiff's sheer conjecture, there exists no evidence in the record from which a reasonable factfinder could conclude that defendant Schroyer was aware of the existence of plaintiff's grievances. See Dkt. No. 99 at 23. This fact alone is sufficient to warrant dismissal of plaintiff's retaliation claim. See Perez v. Keysor, No. 10-CV-0518, 2013 WL 5493932, at *15 (N.D.N.Y. Sept. 30, 2013) (finding a "failure to prove [defendants'] knowledge of [plaintiff's] grievances . . . even in light of temporal proximity, is fatal to [plaintiff's] claim").

Id.

Plaintiff contends that this conclusion is erroneous because he filed a grievance on September 15, 2012 in which he complained that he was being forced to eat "what I'm medically prescribed not to eat by the medical staff at Clinton County jail. I have high blood pressure amongst other medical conditions which according to the doctor my diet must be altered. A food tray containing substances which I'm not supposed to eat due to its cholesterol contents was not substituted for another snack though my file shows I'm on various restrictive diets. " Pl. Obj., p. 9 (quoting Dkt. No. 17, at p. 83). Plaintiff argues that while defendant Schroyer was not specifically named in the grievance, an inference can be drawn that defendant Schroyer would have become aware of this grievance because plaintiff referenced that his restricted diet is "according to the doctor" and that defendant Schroyer was the doctor who prescribed plaintiff's low-cholesterol diet.

Plaintiff's contention that an inference could be drawn that defendant Schroyer learned of the grievance because it references a medically prescribed diet ordered by "the doctor" is wholly speculative, and provides an insufficient basis to defeat summary judgment. On summary judgment, a court must "construe the facts in the light most

3

favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 427 (2d Cir. 2013) (citation and quotation marks omitted). Further, *pro se* litigants' submissions "must be construed liberally and interpreted 'to raise the strongest argument they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). However, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(The nonmoving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts."); Kulak v. City of N.Y., 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."); Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991)(A factual argument based on "conjecture or surmise" is insufficient to defeat summary judgment.); see also Scott v. Harris, 127 S. Ct. 1769, 1776 (2007)(While the Court must view all admissible facts in the light most favorable to the nonmoving party, it need do so "only if there is a 'genuine' dispute as to those facts." ).

The grievance upon which plaintiff bases his objection did not name defendant Schroyer or allege that defendant Schroyer took any action resulting in plaintiff receiving improper food items on September 15, 2012. Dkt. No. 17, at pp. 83-84. Rather, the grievance is addressed to the conduct of the Clinton County Correctional Facility's kitchen staff. Id. p. 83. The Facility Staff Notes on the grievance indicate that facility staff attempted to resolve the matter by sending plaintiff's tray back to the kitchen and talking with the

4

kitchen staff about the allegedly improper food items. Id. A member of the kitchen staff purportedly stated that "everything on inmate Brandon's tray coincided with inmate Brandon's diet," thereby indicating kitchen staff's awareness that plaintiff was on a restricted diet. Id.

Furthermore, the Decision of the Grievance Coordinator indicates:

Kitchen has been informed as of 9/27/12 that you are low fat, low cholesterol, no tomatoes or tomato products, no fish or shellfish. They did not have that you were Muslim. You will get no pork or pork products.

Id. p. 84.

There is nothing in this grievance, or in the handling of the grievance, that indicates there was any inquiry of defendant Schroyer regarding plaintiff's diet.[1] While the inference can be drawn that the kitchen staff was unaware of plaintiff's religious restriction on eating pork, there is no basis to conclude that there was a reason to contact defendant Schroyer to confirm that plaintiff is a Muslim. Simply stated, there is no basis to infer that anyone contacted defendant Schroyer about the grievance or that defendant Schroyer was aware of it, and plaintiff's speculation to the contrary is insufficient. His objection on his ground is overruled. Accordingly, for the reasons stated in the Report and Recommendation, the Court accepts and adopts Magistrate Judge Peebles's conclusion that plaintiff has failed to present sufficient evidence to satisfy the causation element of his retaliation claim. Rep. Rec. pp. 12-16.

The Court also considers plaintiff's objection to Magistrate Judge Peebles's

---

[1] The Court notes that on September 24, 2012, plaintiff filed a grievance because he was served a "BLT sandwich," and the summary of facility staff's attempts to resolve the matter indicates that someone "called the nurse to see what the inmate couldn't eat and she stated he is on a low-fat low-sodium diet and that the inmate is allergic to tomatoes." Dkt. No. 17, at p. 85. There is no indication, however, that defendant Schroyer was contacted or aware of the facility staff's attempt to confirm plaintiff's dietary restrictions.

5

conclusion that defendant Schroyer is entitled to summary judgment because he "has established that he would have [discontinued the plaintiff's heart-healthy diet] for legitimate, non-retaliatory reasons even absent any allegedly retaliatory motivation, and no reasonable factfinder could conclude otherwise." Rep. Rec. pp. 17-18 (citing, *inter alia*, Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Scott v. Coughlin, 344 F.3d 282, 287-88 (2d Cir. 2003)). Having completed a *de novo* review of the issue raised by plaintiff's objection, the Court accepts and adopts Magistrate Judge Peebles's recommendation for the reasons stated in his thorough report.

## V. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Peebles's July 13, 2016 Report and Recommendation, Dkt. No. 136. Accordingly, defendant Schroyer's second motion for summary judgment [Dkt. No. 100] is GRANTED, and plaintiff's remaining retaliation claim asserted against defendant Schroyer is DISMISSED.

**IT IS SO ORDERED.**

Dated: March 21, 2017

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge