UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAMMA K. BRANDON,

                                Plaintiff,                        9:13-cv-00939 (BKS/ATB)

v.

SUZANNE KINTER, LAWRENCE BEDARD, ROBERT
WEBB, THOMAS PERRY, ERIC BLAISE, KEVIN
LAURIN, MARGARET CLANCY,[1]

                                Defendants.
_____

**Appearances:**

*For Plaintiff*
William S. Nolan
Gabriella R. Levine
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, New York 12260

*For Defendants*
April J. Laws
Johnson & Laws, LLC
646 Plank Road, Suite 205
Clifton Park, New York 12065

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

        Plaintiff Chamma K. Brandon brings this action against the above-named Defendants

under 42 U.S.C. § 1983, alleging that: (1) they denied Plaintiff his right to the free exercise of

---

[1] The last names of Defendants Robert Webb and Margaret Clancy appear to be misspelled in the amended complaint and on the docket. (Dkt. Nos. 17, 77-13, 77-16). The Clerk is respectfully requested to correct the spelling of their names on the docket.

religion under the First Amendment by routinely serving Plaintiff meals with pork in derogation of his religious diet as a Muslim; and (2) that they retaliated against him for filing meal-related grievances, in violation of the First Amendment. (Dkt. No. 17). A bench trial is scheduled to commence on August 2, 2021. Presently before the Court is Plaintiff's motion in limine, (Dkt. No. 208), which Defendants oppose, (Dkt. No. 218). (*See also* Dkt. No. 222 (Plaintiff's Reply)). The Court heard argument from the parties at the August 19, 2021, final pretrial conference. For the following reasons, Plaintiff's motion is granted in part and denied in part.

**II.   DISCUSSION**

    **A.   Plaintiff's Prior Convictions**

Plaintiff seeks to preclude Defendants from introducing evidence of his prior felony and misdemeanor convictions. (Dkt. No. 208-2, at 5–12). Plaintiff argues that: (1) the drug and weapon felony convictions are not probative of truthfulness and any probative value is substantially outweighed by the danger of unfair prejudice; and (2) that the misdemeanor convictions are more than ten years old and are not indicative of Plaintiff's credibility as he was twenty-two years old at the time of conviction. (*Id.*). Defendants oppose Plaintiff's motion and argue for admission under Federal Rule of Evidence 609 to impeach Plaintiff's credibility. (Dkt. No. 218, at 13–17).

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

2

time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). Rule 609(a)(2) of the Federal Rules of Evidence provides that, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). "The presumption under Rule 609(a)(2) . . . is that the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes." *Estrada*, 430 F.3d at 615.

### 2012 Felony Convictions

| October 2012 Guilty Plea | • Criminal sale of a controlled substance in or near school grounds, in violation of N.Y. Penal Law § 220.44<br><br>• Criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.39<br><br>• Criminal Possession of a controlled substance, in violation of N.Y. Penal Law § 220.16 | Sentence: Unspecified term of ten years and ten years post prelease supervision<br><br>Released: February 2019 |
|---|---|---|

Plaintiff's 2012 felony convictions appear to fall squarely within Rule 609(a)(1)(A). They are "punishable . . . by imprisonment for more than one year" and occurred within the last ten years. Nevertheless, the Court must conduct the "balancing analysis under Rule 403," *Celestin v. Premo*, No. 9:12-cv-301, 2015 WL 5089687, at *2, 2015 U.S. Dist. LEXIS 113511, at *5

(N.D.N.Y. Aug. 27, 2015); *see also Estrada*, 430 F.3d at 615–16. The Court notes that drug crimes generally are "less probative of veracity." *Estrada*, 430 F.3d at 617–18. Nevertheless, because Plaintiff plans to offer his account of the food he was served and Defendants' conduct in response to his grievances, the Court will have to assess Plaintiff's credibility against that of Defendants, who are expected to testify to a different version of events. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of prior felony convictions are probative of his credibility. *Espinosa v. McCabe*, No. 9:10-cv-497, 2014 WL 988832, at *5–6, 2014 U.S. Dist. LEXIS 31741, at *16 (N.D.N.Y. Mar. 12, 2014). Accordingly, the Court concludes that the probative value substantially outweighs any danger of unfair prejudice.

**2002 and 2004 Felony Convictions**

| July 2004 Guilty Plea | • Attempted criminal possession of a controlled substance, in violation of N.Y. Penal Law § 220.16 | Sentence: Eighteen months to three years concurrent confinement<br><br>Released: November 2005 |
|---|---|---|
| December 2002 Guilty Plea | • Attempted criminal possession of a weapon in the third degree, in violation of N.Y. Penal Law §§ 110, 265.02 | Sentence: Five years of probation |

Given that they are more than ten-years old, the analysis of Plaintiff's 2002 and 2004 felony convictions under Rule 609 is not so straightforward. Rule 609(b) provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

4

The Second Circuit has "recognized that Congress intended that convictions over ten years old be admitted 'very rarely and only in exceptional circumstances.'" *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (quoting S.Rep. No. 1277, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. (93 Stat.) 7051, 7062). Courts reviewing the admission of convictions under Rule 609(b) must "'make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice.'" *Jones v. N.Y. City Health & Hosps. Corp.*, 102 F. App'x. 223, 226 (2d Cir. 2004) (quoting *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978)). In conducting the necessary balancing test, "courts in this Circuit consider the following factors: '[1] the impeachment value of the prior crimes, [2] the date of the conviction and the [witness's] subsequent history, [3] the degree of similarity between the past crimes and this crime, [4] the centrality of the [witness's] credibility in this case, and [5] the importance of the [witness's] testimony.'" *United States v. Brown*, 606 F. Supp. 2d 306, 311–12 (E.D.N.Y. 2009) (citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*] whether the crime, by its nature, is probative of a lack of *veracity*." *Id.* (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)).

Plaintiff's 2002 and 2004 felony drug and weapon convictions did not require proof of or admission to a dishonest act or false statement and, therefore, do not bear on Plaintiff's propensity for truthfulness. As this is a bench trial, the danger of unfair prejudice may be minimal, but at the same time, given their age and nature, so is their relevance—drug and weapon convictions are minimally probative of veracity. *Estrada*, 430 F.3d at 617–18. The Court therefore concludes that the probative value of these crimes does not substantially outweigh the

prejudicial effect. Accordingly, the Court grants Plaintiff's motion to preclude admission of his 2002 and 2004 felony convictions.

### 2004 Misdemeanor Convictions

| August 2004 Guilty Plea | • Criminal possession of a controlled substance in the seventh degree, in violation of N.Y. Penal Law § 220.03<br><br>• Criminal impersonation in the second degree, in violation of N.Y. Penal Law § 190.25<br><br>• False personation, in violation of N.Y. Penal Law 190.23<br><br>• Second degree aggravated unlicensed operation of a motor vehicle | Sentence: Ninety days concurrent confinement and $500 fine |
|---|---|---|

Of Plaintiff's 2004 misdemeanor convictions, only criminal impersonation in the second degree, in violation of N.Y. Penal Law § 190.25 and false personation, in violation of N.Y. Penal Law 190.23, which require proof of a dishonest act or misrepresentation, have impeachment value. *See* Fed. R. Evid. 609(a)(2) ("For any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."). The unlicensed operation of a vehicle and drug conviction do not appear to be probative of Plaintiff's veracity and the Court concludes that the prejudicial effect substantially outweighs any probative value. The Court notes that these are the only crimes Plaintiff has been convicted of involving false statements, that Plaintiff was twenty-two years old at the time of these convictions, (Dkt.

No. 208-2, at 12), and that there is seventeen years between Plaintiff's commission of them and this trial. In light of these factors, the Court finds, on balance, that the probative value of these convictions is substantially outweighed by the danger of unfair prejudice to Plaintiff from their admission. Fed. R. Evid. 609(b) (limiting the use of evidence "if more than 10 years have passed . . . if its probative value . . . substantially outweighs its prejudicial effect").

Accordingly, Plaintiff's motion to preclude is granted as to his 2002 and 2004 felony convictions and 2004 misdemeanor convictions, but is otherwise denied. Plaintiff also requested that, in the event of admission, the Court limit cross-examination, on the ground of unfair prejudice, "to the fact that Plaintiff is a convicted felon" and exclude the "names, details of his offenses, and length of imprisonment." (Dkt. No. 208-2, at 9). The Court finds little danger of unfair prejudice in this information. Moreover, "[t]he presumption under Rule 609(a)(2) . . . is that the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes." *Estrada*, 430 F.3d at 615. Therefore, Plaintiff's request is denied and Defendants may introduce evidence of his 2012 felony convictions to impeach Plaintiff for truthfulness, including "the 'essential facts' of [the] convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed." *Id.*[2]

B.    **Admission of Plaintiff's November 12, 2012 Disciplinary Report**

Plaintiff moves to preclude Defendants from introducing evidence of his CCJ disciplinary record: "a single isolated disciplinary report/infraction on November 12, 2012, involving a physical altercation with another inmate." (Dkt. No. 208-2, at 13). Plaintiff argues it

---

[2] At the final pretrial conference, Defendants withdrew their arguments, (Dkt. No. 218, at 14), that Plaintiff's prior convictions were relevant to damages and to impeach his deposition testimony.

7

is not probative of veracity, irrelevant to the main issues to be tried, and poses a danger of unfair prejudice. (*Id.*). In response, Defendants assert Plaintiff's disciplinary record directly relates to his claim of retaliation against Clancy and Blaise. (Dkt. No. 218, at 17).

As part of his retaliation claim, Brandon alleges that Defendants Clancy and Blaise retaliated against him for filing grievances by exposing him to assault by another inmate—"Tiny"—by placing Tiny in the cell next to Brandon. *See Brandon v. Kinter*, 938 F.3d 21, 42 (2d Cir. 2019). "Tiny was aggressive and had a history of physically attacking another inmate," and when Clancy and Blaise instructed Brandon to pick up Tiny's tray, they "exposed him to potential assault": "Tiny spat on Brandon." *Id.* Defendants argue that at trial, "in addition to presenting evidence that they had no prior knowledge of 'Tiny' spitting at inmates," they will present evidence that the reason Plaintiff was moved to a different unit, was not in retaliation for filing grievances, but because of his "discipline for a physical altercation with another inmate." (Dkt. No. 218, at 17; *see also* Dkt. No. 122-2 (disciplinary record regarding November 10, 2012 fight with another inmate); Dkt. No. 122-7 (Blaise affidavit discussing Brandon's transfer to different cell following fight with another inmate)).

Based on Defendants' proffer, Plaintiff acknowledged at the final pretrial conference that the disciplinary infraction may be relevant to support Defendants' contention that Plaintiff was moved for a legitimate, penological reason, and not in retaliation for grievances. Plaintiff argues, however, that the underlying details of the incident are irrelevant and unfairly prejudicial. At the final pretrial conference, Defendants acknowledged that the underlying details were inadmissible and withdrew their request to admit such details. Accordingly, the Court will allow evidence of the November 12, 2012, disciplinary infraction, and will consider the disciplinary record to the

8

extent it is relevant to why Plaintiff was moved to a different unit, but will exclude evidence of the underlying details.

### C. Admission of Plaintiff's Pending Lawsuits

Plaintiff moves to preclude Defendants from introducing evidence of his two other pending lawsuits, both of which post-date this lawsuit: *Brandon v. Royce*, No. 16-cv-05552 (S.D.N.Y.) (civil suit alleging violations of Plaintiff's right to celebrate an Islamic Holiday, violations of the Eighth Amendment, and violations of RLUIPA while an inmate at Sing Sing Correctional Facility), and *Brandon v. Alam*, No. 18-cv-10158 (S.D.N.Y.) (civil suit alleging First Amendment retaliation by the Sing Sing Correctional Facility medical physician based on Plaintiff's filing of a medical malpractice suit). (Dkt. No. 208, at 2). Defendants respond that both lawsuits are relevant but that the 2016 lawsuit is particularly relevant as it is so similar "to the allegations and prayers for relief sought in the instant suit." (Dkt. No. 218, at 18). Defendants further argue that they "should be allowed to inquire as to the extent that Plaintiff's subsequent incarcerations—leading to two separate civil rights actions—impact the damages he seeks to recover in the instant matter." (Dkt. No. 218, at 19). At the final pretrial conference, Plaintiff indicated that his request for emotional distress damages is limited to the time he spent in Clinton County Jail. Defendants acknowledged that, absent a request for emotional damages that extended beyond the time Plaintiff spent at Clinton County Jail, Plaintiff's two pending lawsuits were not relevant to this case. Accordingly, Plaintiff's motion is denied as moot.

### III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion in limine (Dkt. No. 208) is **GRANTED in part and DENIED in part** to the extent set forth in this opinion.

**IT IS SO ORDERED.**

Dated: July 19, 2021
        Syracuse, New York

/s/ Brenda K. Sannes
Brenda K. Sannes
U.S. District Judge