UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAMMA K. BRANDON,

                       Plaintiff,                      9:13-cv-00939 (BKS/ATB)

v.

SUZANNE KINTER, LAWRENCE BEDARD, ROBERT
WEBB, THOMAS PERRY, ERIC BLAISE, KEVIN
LAURIN, MARGARET CLANCY,

                       Defendants.
_____

**Appearances:**

*For Plaintiff*
William S. Nolan
Gabriella R. Levine
Jennifer M. Thomas
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, New York 12260

*For Defendants*
April J. Laws
Johnson & Laws, LLC
646 Plank Road, Suite 205
Clifton Park, New York 12065

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER TO SHOW CAUSE**

At the summary judgment stage, Defendant Kevin Laurin, a corrections lieutenant and Cayuga County Jail ("CCJ"), acknowledged that in support of Defendants' motion for summary judgment, he filed an affidavit that stated: "due to plaintiff's March 2012 declaration that he was a Muslim," Plaintiff Chamma Brandon "did have notification placed in his file that provided him

1

a diet with no pork or no pork products." (T. 372 (citing Pl.'s Ex. 67 (marked for identification)). Lt. Laurin further acknowledged that in that affidavit, he referred to "Exhibit A," a copy of the Special Diet Notification form that is in all respects identical to Special Diet Notification form entered into evidence at trial, (Defs.' Ex. 21), except that the date ("10/5/12") is missing. (T. 374–75). However, it was undisputed at trial that the *dated* form contained in Defendants' Exhibit 21 was the authentic form. Moreover, the Court took judicial notice that when United States Magistrate Judge David E. Peebles issued a Report and Recommendation granting Defendants' motion for summary judgment as to Plaintiff's First Amendment free exercise of religion and retaliation claims, Judge Peebles noted that "it was plausible that this undated form had been falsified by removing the date." (T. 375–76 (citing *Brandon v. Schroyer*, 13-cv-0939, 2016 WL 1638242, at *4 (N.D.N.Y. Feb. 26, 2016) (noting that the "date of '10/5/12'" appeared to be written in "defendant Laurin's handwriting," and found "it plausible, that the version of this notice produced by defendants in support of their motion has been falsified . . . by removing the date written on the notification") (internal quotation marks omitted), *adopted by*, 2016 WL 1639904 (N.D.N.Y. Apr. 25, 2016), *aff'd in part and rev'd and remanded in part, sub nom.*, *Brandon v. Kinter*, 938 F.3d 21 (2d Cir. 2019)). At trial this Court observed that the presentation of the undated form at the summary judgment stage was "disturbing," and that it appeared that Defendants submitted the undated form "to support the inference that the diet slip was" in Plaintiff's file "all along"—a theory Defendants abandoned at trial. (T. 516). Accordingly, the Court directed the parties to include in their post-trial submissions "briefing on how it was that this slip without a date was presented in support of summary judgment with evidence regarding how that happened." (*Id.*).

In his post-trial briefing, Plaintiff requested sanctions, including judgment in his favor or, at a minimum "an adverse inference that [Plaintiff] was served pork repeatedly and continuously from March 2, 2012 to October 5, 2012," and on "select dates" thereafter until he left the facility at the end of December 2012. (Dkt. No. 247, at 75). Defendant opposed Plaintiff's request for sanctions and devoted one paragraph of their 64-page post-trial brief to the "additional briefing" directed by the Court. (Dkt. No. 250, at 64). Although Defendants provided two attorney declarations, both attorneys disclaimed knowledge of anything having to do with the undated form and one took the wholly unsubstantiated position of placing the blame on Plaintiff—a position none of the parties or trial counsel have taken. (Dkt. Nos. 250-1, 251-1).

In a declaration, Defendants' trial counsel, April Laws, disclaimed all knowledge or involvement with the motion for summary judgment or the undated form by herself or her firm. (Dkt. No. 250-1). Gregg T. Johnson, Laws' partner at their firm, Johnson & Laws, LLC, also submitted a declaration. (Dkt. No. 251-1). Johnson stated that prior to forming Johnson & Laws, LLC in 2018, he was a member of the firm Lemire, Johnson, & Higgins, LLC, which represented Defendants in this case from 2013 through the end of May 2018 when the litigation file was transferred to his present firm. (Dkt. No. 251-1, ¶ 1). According to Johnson, his former partner Timothy Higgins, and his former litigation associate, Bradley Stevens, worked on the case. (*Id.* ¶ 7). Incredibly, given the parties' agreement that the dated Special Diet Notification form is the authentic and reliable version of the form, Johnson stated:

> Despite the recent speculation of Plaintiffs' counsel that the 10/5/12 date was removed from the CCJ special diet notification form, I never had any such information and I had, nor currently have, any information that leads me to believe there was any 'removal' of information from such form—as distinguished from the '10/5/12' date been **added** at a later date, rather than removed as Plaintiff speculates.

3

(*Id.* ¶ 9). Johnson further stated that he found "the fact that Plaintiff produced a dated version of the special diet notification form was suspicious," noting his conclusions about Plaintiff's "behavior during his deposition," as well as Plaintiff's "flout[ing] of his discovery obligations" and "feig[ing] a lack of recall." (*Id.*). However, not only is Johnson alone in his "suspicio[ns]" about Plaintiff's conduct, but the parties at trial agreed that the dated form was the correct form, and there has been no question that the "10/5/12" was written by Lt. Laurin himself. (T. 373 (Lt. Laurin testifying "I dated that specifically," referring to 10/5/12 date on special diet notification form)). Johnson's declaration was not a meaningful response to the Court's inquiry into this matter and the Court therefore disregards his discussion of the two special diet notification forms.

"A court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). "The essence of fraud on the court is 'when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process.'" *Passlogix, Inc. v. 2FA Technology, LLC*, 708 F. Supp. 2d, 378, 393 (S.D.N.Y. 2010) (quoting *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002)). Fraud upon the court must be proven "by clear and convincing evidence 'that a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense.'" *Garcia v. Griffin*, No. 16-cv-2584, 2021 WL 1577679, at *1, 2021 U.S. Dist. LEXIS 77762, at *2–3 (S.D.N.Y. Apr. 22, 2021) (quoting *New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc.*, 432 F. App'x 25 (2d Cir. 2011)).

Defendants used the undated form at the summary judgment stage to support their position that: (1) a notification of Plaintiff's Muslim diet had been placed in his file when he was rebooked in March 2012, and (2) at most he was served six pork meals, a "*de minimis*" number that did not substantially burden the free exercise of Plaintiff's religion. (*See* Dkt. No. 77-18, ¶ 14 (asserting in statement of material facts that "[a]s of March 2, 2012, Plaintiff was on a 'no pork' diet due to having informed CCJ officials at his second booking that he was Muslim" (citing Laurin Affidavit and Exhibit A containing undated form); Dkt. No. 77-19, at 18–19)). Defendants abandoned this factual position at trial, and appear to concede that the earliest the kitchen was notified of Plaintiff's religious, no-pork diet was in September 2012, and that there was nothing in his file documenting his religious diet before October 5, 2012.

The Court has inherent authority "to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Therefore, because Plaintiff is seeking sanctions in connection with Defendants' submission of the undated Special Diet Notification form; the form appears to have been falsified and submitted for the purpose of interfering with the summary judgment process; and Defendants' briefing and attorney declarations are unresponsive to the Court's directive at trial, Defendants are hereby

**ORDERED TO SHOW CAUSE** by April 3, 2023, why an order finding they have perpetrated a fraud on the Court should not be entered. In addition to filing a memorandum of law, Defendants are directed to submit evidence supporting their position, including, if relevant, sworn statements by the attorneys who personally handled discovery and filed the motion for summary judgment and to indicate whether an evidentiary hearing is requested.

Plaintiff may file a response by April 17, 2023, and Defendants may file a reply by April 24, 2023.

**IT IS SO ORDERED.**

Dated: March 6, 2023

Brenda K. Sannes
Chief U.S. District Judge