UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHAMMA K. BRANDON,

                            Plaintiff,                  9:13-cv-00939 (BKS/ATB)

v.

SUZANNE KINTER and KEVIN LAURIN,

                            Defendants.

---

**Appearances:**

*For Plaintiff:*
William S. Nolan
Gabriella R. Levine
Jennifer M. Thomas
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, New York 12260

*For Defendants:*
April J. Laws
Johnson & Laws, LLC
646 Plank Road, Suite 205
Clifton Park, New York 12065

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER

      The Court has reviewed the parties' responses, (Dkt. Nos. 257, 262, 267), to the Court's Order to Show Cause why an order finding Defendants had committed fraud on the court should not be entered, (Dkt. No. 256). The Court has also reviewed Defendants' letter motion requesting that no evidentiary hearing be held. (Dkt. No. 258). Because it is apparent from the parties' responses that there are unresolved factual matters regarding the two versions of the special diet

notification submitted as evidence in this case, the Court finds that an evidentiary hearing is necessary.

A court "has inherent authority 'to conduct an independent investigation in order to determine whether it has been the victim of fraud.'" *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "In this regard, it is within a court's discretion to hold an evidentiary hearing on a sanctions motion, although no such hearing is required." *Ferry v. Mead Johnson & Co., LLC*, No. 3:20-cv-0099, 2022 WL 961247, at *1, 2022 U.S. Dist. LEXIS 58042, at *2 (D. Conn. Mar. 30, 2022) (citing *Shah v. Eclipsys Corp.*, No. 08-cv-2528, 2010 WL 2710618, at *15, 2010 U.S. Dist. LEXIS 67700, at 850–51 (E.D.N.Y. July 7, 2010) (noting that many courts have exercised their discretion to hold evidentiary hearings before imposing sanctions for fraud on the court, although such a hearing is not always necessary)).

Fraud upon the court must be proven "by clear and convincing evidence 'that a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense.'" *Garcia v. Griffin*, No. 16-cv-2584, 2021 WL 1577679, at *1, 2021 U.S. Dist. LEXIS 77762, at *2–3 (S.D.N.Y. Apr. 22, 2021) (quoting *New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc.*, 432 F. App'x 25 (2d Cir. 2011)). In "determining the appropriate sanction for a fraud on the court," courts typically weigh the five factors:

> (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than one isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future.

*Dag Jewish Directories, Inc. v. Y & R Media, LLC*, No. 09-cv-7802, 2010 WL 3219292, at *4, 2010 U.S. Dist. LEXIS 82388, at * (S.D.N.Y. Aug. 12, 2010) (quoting *McMunn*, 191 F. Supp. 2d at 446 (S.D.N.Y. 2002).

In their brief, Defendants assert that Plaintiff's counsel "could have—but chose not to—question Defendant Laurin about the following at trial":

- Whether he made multiple copies of the diet notification form and distributed them to directly Plaintiff and the Clinton County Jail ("CCJ") kitchen staff without preserving each for the CCJ corrections file on Plaintiff;

- Whether he reviewed documentation in preparation for trial that refreshed his recollection of when the SDN was placed into Plaintiffs kitchen file;

- Whether, in October 2012, there existed multiple copies of the SDN (e.g., one that was dated and placed into the kitchen file, one that was dated and provided to Plaintiff and later produced as an exhibit to his Amended Complaint and one that was undated and placed into the CCJ corrections file maintained on Plaintiff);

- How he maintained CCJ files, including those related to Plaintiff;

- Whether he failed to disclose records to litigation counsel;

- Whether he was trained in law or evidence production;

- Whether he had ever been charged, accused or disciplined for failing to disclose records to litigation counsel;

- Whether he falsified records before sending them to litigation counsel; or

- Whether he directed anyone to falsify records before sending them to litigation counsel.

(Dkt. No. 257, at 9–10). Although Defendants fault Plaintiff for not further developing the evidence with respect to the diet notification form at trial, the evidence at trial was geared toward the merits of Plaintiff's case—not whether to impose sanctions. Moreover, at trial, the Court was concerned with the credibility of Laurin's testimony as well as the evidence in general. The Court was, of course, also concerned about the possibility that the diet notification form had been

3

tampered with, but it was not, at that time, investigating a potential fraud on the court. Moreover, as Defendants themselves identify a number of unresolved factual issues, an evidentiary hearing will be useful in developing a complete a record.

Finally, with respect to Defendants' citation to their attorneys' "ethical obligation not to divulge attorney-client communications or work product," (Dkt. No. 257, at 9), the Court notes "the attorney-client privilege does not protect communications in furtherance of an intentional tort that undermines the adversary system itself." *Madanes v. Madanes*, 199 F.R.D. 135, 149 (S.D.N.Y. 2001); *see, e.g.*, *In re St. Johnsbury Trucking Co., Inc.*, 184 B.R. 446, 454 (Bankr. D. Vt. 1995) (considering the "crime-fraud exception to the attorney-client privilege," in connection with a motion for sanctions for fraud on the court); *Zimmerman v. Poly Prep Country Day Sch.*, No. 09-cv-4586, 2012 WL 2049493, at *6, 2012 U.S. Dist. LEXIS 78816, at *21 (E.D.N.Y. June 6, 2012) (considering whether to allow discovery of privileged documents in connection with claim of fraud on the court).

Accordingly, it is

**ORDERED** that an evidentiary hearing is scheduled for June 27, 2023, at 10 a.m., in Syracuse, New York, and it is further

**ORDERED** that the parties are directed to file witness lists and exhibit lists by June 19, 2023.

**IT IS SO ORDERED.**

Dated: May 30, 2023

Brenda K. Sannes
Chief U.S. District Judge